UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CSC HOLDINGS, INC. | : | |
| | : | |
| v. | : | C.A. No. 04-184S |
| | : | |
| LEE ORESMAN, et al. | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter is before the Court on Plaintiff's Motion for Entry of Default Judgment against Defendants, jointly and severally, in the amount of $186,000.00. This matter has been referred to me for a preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B). A hearing was held on June 23, 2005.

Plaintiff's Motion arises out of a Consent Judgment and Order of Permanent Injunction entered by District Judge William E. Smith on May 27, 2004. In part, the Consent Judgment required Defendants to make an initial settlement payment to Plaintiff of $10,000.00 and then an additional settlement amount of $40,000.00 payable in forty monthly installment payments of $1,000.00 each. In its Motion, Plaintiff represents that although Defendants made the initial settlement payment of $10,000.00 and four monthly installment payments of $1,000.00 each (a total of $14,000.00), Defendants have failed to make any additional settlement payments. Under the terms of the Consent Judgment, Plaintiff has the right to seek default judgment against Defendants in the amount of $200,000.00 less any amounts paid by Defendants, in the event that Defendants

fail to make timely settlement payments and fail to cure such non-payment after receiving written notice from Plaintiff.

At the hearing, both counsel for Plaintiff and counsel for Defendants represented to the Court that this matter had been resolved by way of settlement. In particular, the parties represented that Plaintiff had agreed, in part, to accept a lump-sum settlement payment of $30,000.00 payable by July 5, 2005. The parties also represented that they agreed that the form of Default Judgment proposed by Plaintiff would enter as an Order of the Court. A copy of this proposed form of Default Judgment is attached hereto as Exhibit A. In the event Defendants make the $30,000.00 lump-sum settlement payment to Plaintiff by July 5, 2005, the parties represented that Plaintiff will promptly file a notice of such payment with the Court and direct that either the Court, or Clerk of Court, shall mark on the Default Judgment that it has been "Satisfied in Full." If Defendants do not make the required settlement payment, the Default Judgment will stand, and Plaintiff may proceed with execution on such Default Judgment. This Court discussed the terms and implications of this settlement directly with the individual Defendant, Lee Oresman, and is comfortable that he understood the terms of the settlement and the consequences of failure to make the agreed $30,000.00 settlement payment in a timely fashion.

For the reasons discussed above, this Court recommends that the District Court GRANT Plaintiff's Motion for Entry of Default Judgment in the amount of $186,000.00. See Ex. A. Further, this Court recommends that, in the event Plaintiff files notice that the $30,000.00 lump-sum settlement payment has been timely made or Defendants otherwise provide proof to this Court of such timely payment, the District Court itself mark the Default Judgment as "Satisfied in Full" or direct the Clerk of Court to do so. Any objection to this Report and Recommendation must be

specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); D.R.I. Local R. 32. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

LINCOLN D. ALMOND
United States Magistrate Judge
June 24, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CSC HOLDINGS, INC., Plaintiff,

v.

LEE ORESMAN, individually and d/b/a all4j2k, AMERICAN SALES a/k/a AMSALES, and digital-cable-box.net, Defendants.

Case No.: CA 04-184-S

FILED MAY 05 2005 U.S. DISTRICT COURT DISTRICT OF RHODE ISLAND

RECEIVED MAY 05 2005 U.S. DISTRICT COURT

## DEFAULT JUDGMENT

**WHEREAS**, plaintiff CSC Holdings, Inc. ("Plaintiff" or "Cablevision") commenced this action alleging, inter alia, that the above-captioned defendants (collectively, "Defendants") have engaged in the manufacture, modification, distribution and/or sale of cable television descrambling devices and equipment to customers within Cablevision's service areas for the interception of the Cablevision's proprietary telecommunications programming services in violation of the Communications Act of 1934, as amended, 47 U.S.C. sections 553 (a)(1) and (2) ("Plaintiff's claims"); and

**WHEREAS,** the Plaintiff and the Defendants agreed to settle this action and filed a document entitled "Consent Judgment and Order of Permanent Injunction" which contained the terms of settlement; and

**WHEREAS,** the Consent Judgment and Order of Permanent Injunction required the Defendants to make certain settlement payments, and further provided to Plaintiff default remedies in the event Defendants did not perform their monetary settlement obligations; and

**WHEREAS,** this Court entered the Consent Judgment and Order of Permanent Injunction on May 27, 2004; and

**WHEREAS,** it appears from the affidavit of Wayne R. Louis and the Consent Judgment and Order of Permanent Injunction that Plaintiff is entitled to a default judgment against defendants in the amount of one hundred eighty six thousand dollars ($186,000.00)[1] ;

**NOW THEREFORE,** it is hereby

**ORDERED, ADJUDGED AND DECREED** that the Clerk is directed to enter judgment in favor of Plaintiff and against Defendants, jointly and severally, in the amount of one hundred eighty six thousand dollars ($186,000.00); and it is further

**ORDERED, ADJUDGED AND DECREED** that the injunction and other non-monetary provisions of the Consent Judgment and Order of Permanent Injunction shall remain in effect.

**SO ORDERED** on ___________________, 2005

______________________________

**UNITED STATES DISTRICT JUDGE**

---

[1] Defendants have paid to Plaintiff fourteen thousand dollars ($14,000.00) of the fifty thousand dollars ($50,000.00) they agreed to pay. Affidavit of Wayne R. Louis in Support of Plaintiff's Motion for Entry of Default Judgment at par 4. According to the Consent Judgment and Order of Permanent Injunction, in the event Defendants were to default on their monetary settlement obligations, Plaintiff would be entitled to judgment in the amount of two hundred thousand dollars ($200,000.00), less all amounts previously paid by Defendants at the time of their default. Consent Judgment and Order of Permanent Injunction at 3.